Nicoll *v.* Fash.

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 4, 1871. *Ingraham,* P. J., and *Cardozo* and *Geo. G. Barnard,* Justices.]

————•••————

## FRANCES B. NICOLL *vs.* MARY FASH.

Where, in an action brought to recover dower, the defense is that the premises have been sold for taxes, and the defendant claims under the tax sale, and a lease or conveyance thereof from the corporation, the answer must aver the various matters which it will be necessary for the defendant to prove, to establish the validity of the lease; otherwise it will be bad, on demurrer.

Where, conceding the truth of an answer, the defendant would not be entitled to judgment, because other facts, not averred, would need to be proven, to establish the defense, the omission to plead those facts will prevent his giving evidence to support them. Hence the answer is defective.

Where a defendant, in his answer, states several defenses separately, and num-

bers them, thus showing that he meant to plead them as separate and distinct defenses, he cannot afterwards be allowed to assert that they are not so, and that a portion of the answer demurred to is merely introductory to another clause not demurred to.

APPEAL from an order made at a special term, overruling a demurrer to portions of the defendant's answer.

The action was brought to recover dower in certain premises in the city of New York, in the possession of, and claimed by, the defendant.

The complaint alleged that Edward A. Nicoll intermarried with the plaintiff in the city of New York, in the year 1818. That afterwards, and while the plaintiff was the wife of said Edward A. Nicoll, he became and was seised in fee of, among other real estate, all those four lots of land in the city of New York, [describing them particularly.] And afterwards, and in or about the year 1850, the said Edward A. Nicoll departed this life, leaving the plaintiff him surviving. That the defendant was in possession of, and claimed to own, the aforesaid premises, or some interest therein. That while the defendant claimed to be, and was, so possessed or interested, as aforesaid, and before the commencement of this action, the plaintiff demanded of the defendant her dower in said premises as widow of said Edward A. Nicoll, deceased, and the defendant neglected and refused, and still neglects and refuses, to assign said dower to her. Wherefore the plaintiff demanded judgment that she is entitled to dower in said premises, together with the damages by her sustained, by reason of the withholding thereof by the defendant.

The portions of the answer demurred to were as follows :

"*Fourth.* The defendant further answering, shows that on or about the 13th day of October, 1847, a certain tax was levied, imposed and assessed, and duly confirmed, upon the real and personal estate of the freeholders and inhabitants of, and situate within, the said city and county of New

Nicoll *v.* Fash.

York, including the premises set forth in the complaint, by the mayor, recorder and aldermen of the city of New York, as the supervisors of the city and county of New York, under and in pursuance of an act of the legislature of the State of New York, passed May 12th, 1847, entitled " An act to enable the supervisors of the city and county of New York to raise money by tax," and for the purpose set forth in said act; that the proportion of such tax levied, assessed and imposed upon the premises described in the complaint was the sum $3.12, which sum was assessed upon the whole of said premises collectively, and said tax became thereupon a legal and valid lien thereon. That thereafter the proportion of said tax justly chargeable to the lot referred to in said complaint as lot No. 679, to wit, the sum of seventy-eight cents, was paid.

*Fifth.* The defendant further shows that on or about the 10th day of October, 1848, a certain tax was levied, imposed and assessed, and duly confirmed, upon the real and personal estate of the freeholders and inhabitants of, and situate within, the said city and county, including the premises set forth in the complaint, by the mayor, recorder and aldermen of the city of New York as the supervisors of the city and county of New York, under and in pursuance of an act of the legislature of the State of New York, passed April 12, 1848, entitled " An act to enable the supervisors of the city and county of New York to raise money by tax," and for the purpose set forth in said act; that the proportion of such tax levied, assessed and imposed upon the premises described in the complaint was the sum of $3.26, which sum was assessed upon the whole of said premises collectively, and said tax became thereupon a legal and valid lien thereupon.

*Sixth.* That thereafter the proportion of said tax justly taxable to the lot referred to in said complaint as lot No. 679, to wit, the sum of eighty-two cents, was paid. That no part of the taxes aforesaid, for 1847 and 1848, on the

remaining lots, was paid, and remaining so unpaid, said remaining lots, being the lots referred to in said complaint as lots Nos. 628, 629 and 678, were on the 19th day of December, 1850, pursuant to law, and after due and proper notice, and advertisement and adjournment, at the city hall, in the city of New York, by the comptroller of the said city of New York, sold at public auction, to one Francis S. Craft, for said taxes, for the term of fifty years, in consideration of his advancing the amount due for said taxes, with the interest, costs and charges accrued thereon, being the sum of $7.55, and said term of fifty years being the lowest term of years at which any person offered to take the said premises in consideration of making such advances as last mentioned.

That thereupon said Francis S. Craft paid to said comptroller the said sum of $7.55, and received from said comptroller a certificate of such sale.

*Seventh.* That said premises were not redeemed from said sale before or after the expiration of two years from the date thereof, and on the 20th day of December, 1852, a lease or conveyance of said lots 628, 629 and 678 was duly executed and delivered under their corporate seal by the mayor, aldermen and commonalty of the city of New York, according to law, to said Francis S. Craft, for the said term of fifty years from December 19th, 1850.

That thereafter the said Francis S. Craft served the notices required by the third section of the act of the legislature of the State of New York, entitled "An act in addition to the acts respecting the collection of taxes and assessments in the city and county of New York," passed May 25th, 1841, and the sixth section of the act amendatory of the same, entitled "An act to authorize the mayor, aldermen and commonalty of the city of New York to purchase lands for taxes and assessments in certain cases, and for other purposes," passed April 18th, 1843, and filed affidavits duly certified, showing such services, with copies

of the notices served, in the office of the comptroller of the city of New York, as required by law, and six months elapsed from the time of service of such notices, and said premises were not redeemed, whereupon such lease or conveyance aforesaid, to said Craft, became absolute.

*Eighth.* That thereafter, and on the 18th day of August, 1853, the said lease or conveyance was duly assigned, by instrument in writing, executed, acknowledged and delivered, by said Francis S. Craft to one Andrew Fash. And the defendant further shows, that said Andrew Fash entered into possession of said premises, and continued in the occupation thereof, under said lease, until his decease, as hereinafter stated.

*Ninth.* And the defendant, further answering, shows, that on or about the 20th day of July, 1853, a certain tax was levied, imposed and assessed, and duly confirmed, upon the real estate of the freeholders and inhabitants of, and situate within, the said city and county of New York, including the lot forming part of the premises described in the complaint herein, and therein designated as lot No. 679, by the board of supervisors of the city and county of New York, under and in pursuance of an act of the legislature of the State of New York, passed April 15, 1853, entitled "An act to enable the supervisors of the city and county of New York to raise money by tax," and for the purposes set forth in said act; that the proportion of such tax levied, assessed and imposed upon the said lot, No. 679, described in the complaint, was the sum of $3.62, and said tax became a valid lien thereupon.

*Tenth.* That no part of said tax being paid, and the same remaining unpaid, the said lot was, on the 24th day of November, 1859, pursuant to law, and after due and proper notice, and advertisement and adjournment, at the city hall, in the city of New York, by the clerk of arrears, under the direction of the comptroller of the city and county of New York, sold at public acution, to one

Andrew Fash, for said taxes, for the term of one hundred years, in consideration of his advancing the amount due for said taxes, with the interest and costs and charges accrued thereon, being the sum of $4.97; and said term of one hundred years being the lowest term of years at which any person offered to take the said premises, in consideration of making such advances as last above mentioned. That thereupon said Andrew Fash paid to said comptroller said sum of $4.97, and received from said comptroller a certificate of such sale. That said premises were not redeemed from said sale before or after the expiration of two years therefrom, and on the 26th day of November, 1861, the mayor, aldermen and commonalty of the city of New York executed, under their corporate seal, a lease or conveyance of said premises, according to law, to said Andrew Fash, for the said term of one hundred years from the 24th day of November, 1859.

*Eleventh.* That thereafter the said Andrew Fash served the notices required by the third section of the act of the legislature of the State of New York, entitled "An act in addition to the acts respecting the collection of the taxes and assessments in the city of New York," passed May 25th, 1841, and the 6th section of the act amendatory of the same, entitled "An act to authorize the mayor, aldermen and commonalty of the city of New York to purchase lands for taxes and assessments in certain cases, and for other purposes," passed April 18, 1843, and filed in the office of the comptroller of the city and county of New York, affidavits duly certified, showing such services, with copies of the notices, as required by law, and six months elapsed from the time of such services of notices and said premises were not redeemed, whereupon such lease or conveyance aforesaid to said Fash became absolute. And the defendant further shows, that said Andrew Fash entered into possession of said lot, and continued in the

occupation thereof, under said lease, until his decease, as hereinafter stated.

*Twelfth.* And the defendant further shows, that the said sale, first herein above mentioned and set forth, was made under and in pursuance of an act of the legislature of the State of New York, entitled "An act for the collection of taxes in the city of New York," passed April 18, 1843, and an act of said legislature entitled "An act to enable the receiver of taxes in the city of New York, and the comptroller of said city, to collect the taxes remaining unpaid," passed May 14, 1845; and that the sale secondly above set forth was made under and in pursuance of an act of the legislature of the State of New York, entitled "An act for the collection of taxes in the city of New York," passed April 18, 1843; an act of the same legislature, entitled "An act to amend an act entitled 'An act to create the Croton Aqueduct department in the city of New York,' passed April 11, 1849," passed June 27, 1851; and an act of said legislature, entitled "An act to simplify the manner of collecting arrears of taxes, assessments and regular rents of Croton water, in the city and county of New York," passed July 20, 1853.

That said Andrew Fash entered into possession of said premises under said leases, and continued in the occupation thereof until his decease, as hereinafter stated.

*Thirteenth.* And this defendant, further answering, shows that said Andrew Fash, being lawfully in possession and occupation of the whole of said premises in the complaint described, under and by virtue of said several leases, and being the holder and owner of said several leases, departed this life intestate, on or about February 22, 1863, at the city of New York. That thereafter such proceedings were had, that on or about the 24th day of September, 1863, letters of administration were granted by the surrogate of the city and county of New York, on the estate, goods, chattels and credits which were of said Andrew Fash, de-

ceased, to this defendant and one James W. Fowler, and they entered upon the administration of said estate.

*Fourteenth.* And this defendant is advised, and believes and avers, that by virtue of said letters of administration she has become vested as administratrix of said Andrew Fash, deceased, with her said co-administrator, with the leases herein above recited, being leases for terms of years, and is entitled to the possession of said premises thereunder; and she further shows that she holds and claims possession and occupation of said premises as such administratrix, with her said co-administrator, and not otherwise, under and by virtue of such leases, and that said premises have never been redeemed from the sales aforesaid, and the demised terms have not expired.

*Fifteenth.* And the defendant, further answering, shows that she is advised, and believes and avers, that if the plaintiff herein has any right, title or interest in the premises in question or any part thereof, such right, title and interest is subject to the right, title and interest and possession of this defendant and her said co-administrator, as administratrix and administrator, under said leases aforesaid, of said premises; and until the expiration of the terms demised in and by said leases said plaintiff has no right, title or interest, if any she ever had, in said premises."

The plaintiff demurred to these portions of the answer, and alleged as grounds of demurrer, that that part, and those parts, of said answer does not and do not, either collectively or separately, state facts sufficient to constitute on the face thereof a counter-claim or defense to the cause of action alleged in the complaint; and insisted that to constitute such a defense as is there set up, the answer must state every fact necessary to be proved, on the trial, to show a valid levy and sale and lease.

The demurrer was overruled, with costs, and the plaintiff appealed.

Nicoll *v.* Fash.

*John Townshend,* for the appellant.

The defense admits the allegations of the complaint, and that but for the allegations in these paragraphs of the answer, the plaintiff would be entitled to recover.

I. The defense demurred to, amounts in effect to this: certain taxes on the property remained unpaid, the property was sold to pay such taxes, and the defendant claims under such sale, and such sale cuts off the plaintiff. To constitute such a defense, the answer must state every fact necessary to be proved on the trial, to show a valid levy and sale and lease. (*Blackwell on Tax Titles,* 501, 2d ed. *Carter* v. *Koezley,* 14 *Abb.* 147. *Stephens on Pleading,* 308.)

II. On the trial, every preliminary step to constitute a title must be shown. (*Tallman* v. *White,* 2 *Comst.* 70. *Leggett* v. *Rogers,* 9 *Barb.* 411. *Curtiss* v. *Follett,* 15 *id.* 343.) Among the preliminaries requisite at the times of the sales in question, were,

1. That assessors completed an assessment roll before August 1st, and left it with one assessor for examination by citizens.

2. That a notice of completing roll was put up at three public places.

3. Meeting of assessors to review objections.

4. That a majority of assessors subscribed the roll, and put a certificate thereto.

5. That assessors delivered roll to clerk of New York, who delivered it to supervisors.

6. That supervisors examined and corrected the roll.

7. That supervisors delivered corrected roll, with a warrant annexed, to receiver of taxes.

8. Notice by receiver of taxes, in six newspapers, to pay tax before 15th of February.

9. Personal notice by receiver, to the person from whom tax was due, to be served eight days before 1st of April.

10. Second notice by receiver of taxes, in newspapers, to pay before 1st of April.

11. That proof of service of said notices was duly filed.

12. Notice of sale, and sale.

13. Notice to redeem, to be published six months before expiration of two years after sale. (1 *R. S.* 393. *Laws of* 1823, *ch.* 262. *Laws of* 1843, *ch.* 230.)

III. The lease is not evidence that these acts were complied with. (*Beekman* v. *Bigham*, 1 *Selden*, 366. *Dike* v. *Lewis*, 2 *Barb.* 344. *Doughty* v. *Hope*, 1 *Comst.* 79; 3 *Denio*, 594.)

IV. After delivery of the lease, notice is to be served on occupant and person last assessed; the notice has to contain certain particulars, to be served in a specified manner, and the comptroller or clerk of arrears has to be satisfied that the notices were properly served, and give a certificate to that effect, before the lease becomes absolute. (*Laws of* 1843, *ch.* 230, *art.* 111, *p.* 327, §§ 20, 21, 24. *Laws of* 1853, *chap.* 579, *p.* 1065, § 3. *Laws of* 1843, *chap.* 235, *p.* 333, § 6.)

V. The answer is not helped by either section 161 or section 162 of the Code. (*Carter* v. *Koezley*, 14 *Abb.* 147.)

VI. An answer of new matter, to be sufficient, must contain a statement of new matter constituting a defense. (*Code*, § 149.) 1. The words "must contain" are imperative. (*McKyring* v. *Bull*, 16 *N. Y.* 297.) 2. A defendant cannot give evidence of any new matter not contained in his answer. (*Deifendorf* v. *Gage*, 7 *Barb.* 18.)

VII. The answer of new matter should state every fact which the defendant must prove on the trial, to make out a defense. (*Allen* v. *Patterson*, 7 *N. Y.* 478. *Bailey* v. *Ryder*, 10 *id.* 363.)

VIII. If, on the trial, all the facts stated in this answer were conceded, they would not show a valid lease; and this seems conclusive against the sufficiency of the answer.

IX. The answer does not state directly, nor indirectly,

Nicoll v. Fash.

that intermediate the sale and giving the lease, any notice to redeem was given. This is a vital point; without such notice, and in due form, the lease was void. (*Doughty* v. *Hope*, 3 *Denio*, 594; 1 *Comst.* 79. *Lawrence on Tax Laws*, *p.* 126.)

X. The plaintiff admits there was a sale, and admits there was no redemption, and that a lease was executed; but denies there was any notice to redeem. The defendant does not say there was any such notice, but without such notice there was no power to give a lease. The law will not assume in favor of a party, anything he has not averred. (*Cruger* v. *Hud. River R. R.*, 12 *N. Y.* 201.)

XI. The allegation in the answer, that a lease "was duly executed and delivered, under their corporate seal, by the mayor, aldermen and commonalty of the city of New York, according to law," applies only to the mode of executing the lease, which it is admitted was duly executed and delivered under the corporate seal, according to law; it cannot be construed as an allegation that every previous act had been performed, necessary to authorize the mayor &c. to give such a lease.

*J. H. V. Arnold*, for the respondent.

This is an action for dower in lands, brought under the provisions of the Revised Statutes. Such action must be brought against the actual occupant of the lands, if there be one; if the lands are not actually occupied, then it must be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit. (2 *R. S.* 312, *Edm. ed. Child* v. *Chappell*, 9 *N. Y.* 251. *Ellicott* v. *Mossier*, 7 *id.* 201. *Redfield* v. *Utica and Syr. R. R. Co.*, 25 *Barb.* 58; *S. C.*, 11 *id.* 574. *People* v. *Ambrecht*, 11 *Abb.* 100. *Putnam* v. *Van Buren*, 7 *How. Pr.* 31. *Shaver* v. *McGraw*, 12 *Wend.* 558. *Pierce* v. *Tuttle*, 53 *Barb.* 155.) Even a declaration on the part of the

defendant, that he owns the lands, if untrue, will not support the action of ejectment against him. (*Banyer* v. *Empie*, 5 *Hill*, 48.) It is not pretended by the complaint that the defendant was in actual occupation of the premises therein described. The allegation is, "that the defendant is in possession of and claims to own the aforesaid premises or some interest therein." The defendant, by the second paragraph of her answer, puts in issue the plaintiff's claim, and the defendant's possession, by the general denial. Under a general denial the defendant may show title out of the plaintiff. It is proper, however, that she should show the character and nature of the adverse possession claimed; or the facts relied on to defeat the plaintiff's claim. The defenses demurred to support the general denial of the defendant that she has any possession, or claims any interest individually in, or ownership of, the premises, and shows that the only interest in, or possession of, the premises she holds or claims is as administratrix of Andrew Fash, deceased, and that the suit is brought improperly against her individually, and should have been brought against her as such administratrix jointly with her co-administrator, as pleaded by the sixteenth paragraph of the answer (which is not demurred to.) The defendant cannot be brought into court and subjected to a claim for costs and damages where she has no individual interest or possession. Her interest is a joint one with her co-administrator, and is indivisible. Where there are two or more administrators or executors who have qualified, all must be made parties. (*Code* § 119. *Scrantom* v. *Farmers' &c. Bk.*, 33 *Barb.* 531. *Moore* v. *Willett*, 2 *Hilton*, 522.) It is the right of a party who is sued to require that any other person jointly liable with him shall be made defendant. (*Van Name* v. *Van Name*, 23 *How. Pr.* 252. *Wooster* v. *Chamberlin*, 28 *Barb.* 602.) There is a defect of parties defendant, and such defect not appearing upon the face of the complaint, must be pleaded

Nicoll v. Fash.

by the defendant in the answer, in order to avail himself of the same at the trial; and he must point out in the answer all those whom he claims should be made parties defendant with him. (*Code*, § 144. *Fowler* v. *Kennedy*, 2 *Abb.* 351. *Wigand* v. *Sichel*, 3 *Keyes*, 120.) If he omits to set the plaintiff right when he has an opportunity to do so, he cannot afterwards take advantage of it. (*Edwards* v. *Farmers' Ins. and L. Co.*, 21 *Wend.* 467.) The paragraphs of the answer demurred to, show the character of the defendant's interest and claim in the premises. They are really all, in connection with the sixteenth paragraph of the answer, which is not demurred to, one entire defense, i. e., that the suit is improperly brought against the defendant, and the facts supporting such defense. A demurrer will not lie to part of an entire defense in an answer. (*Cobb* v. *Frazee*, 4 *How. Pr.* 413. *Welch* v. *Hazelton*, 14 *id.* 97.) At the worst, the matter demurred to might be redundant or irrelevant. In such case the plaintiff's remedy would be by motion to strike out, and not by demurrer. (*Code*, § 160. *Watson* v. *Husson*, 1 *Duer*, 242. *Spies* v. *Transit Co.*, 5 *id.* 662. *Roeder* v. *Ormsby*, 13 *Abb.* 334. *Seeley* v. *Engel*, 13 *N. Y.* 542. *Smith* v. *Greenin*, 2 *Sand.* 702. *Ward* v. *Ward*, 5 *Abb. N. S.* 145.) But it is submitted that there is nothing in the matter demurred to which is not proper and pertinent in support of the allegations of non-joinder, and denial of possession, as well as tending to show title out of the plaintiff. The answer, in setting up the outstanding title under tax sales, shows a title paramount to any claim which the plaintiff can have, at least during the pendency of the term for which the conveyance of the premises was given to Fash, which is all that is claimed in the answer. The answer states particularly when, by whom, for what cause, and under what statutes, the taxes under which the sale was had, were imposed; the amount of the tax; that it remained unpaid; and all the facts essen-

tial to create the authority to sell; and is not open to any of the objections which were urged in the case of *Carter* v. *Koezley*, (14 *Abb. Pr.* 149.) It must also be borne in mind that in that case the defendant admitted his possession of the premises, but set up title under the tax sale in himself. The allegations with reference to services of notices, fully refer to the sections of the statutes under which they were given. Such notices were not necessary to be given in all cases, only in those in which mortgagees and others had filed memorandums of their claims, or where the last owner to whom the premises were assessed was a resident of the city and county of New York. (*See Laws of N. Y. of* 1843, *ch.* 235, *p.* 335 ; *Id.* 1841, *ch.* 230, *p.* 141 ; *Id. ch.* 170, *p.* 210.) It may appear upon the trial that the giving of such notices was unnecessary in this matter. If the premises were last assessed to Edward A. Nicoll, the plaintiff's husband, this would be so, as he is stated in the complaint to have died several years before the leases were given. The leases are conclusive evidence that the sales in pursuance of which they were given were regular, according to the provisions of the statute, and being given they stand absolute. (*Laws of* 1850, *ch.* 183. *Id.* 1855, *ch.* 427, § 65. *Id.* 1843, *ch.* 230, *p.* 223.)

*By the Court,* CARDOZO, J. It was not disputed on the argument, and cannot be, but that the answer does not aver several matters which it will be necessary for the defendant to prove, to establish the validity of the lease. If the truth of the plea, therefore, were conceded, the defendant would not be entitled to judgment, because other facts must be proven, to establish her case; and not having pleaded those facts, she cannot claim to give evidence to support them. It is plain, from this statement, that that part of the answer demurred to is bad.

The defendant's counsel now insists that that part of

the answer is irrelevant, or rather that it is introductory to the sixteenth clause, and that a demurrer will not lie to a part of a defense. But the difficulty is that it is not pleaded as part of one defense. The defendant has stated them separately and numbered them, thus clearly showing, by his compliance with the 25th rule of the court, that he meant to plead them as separate and distinct defenses. He cannot now be heard to assert that they are not so.

The statute of 1855, (*Laws of* 1855, *ch.* 427,) does not aid the defendant. It relates only to conveyances made by the comptroller of the State.

The judgment below should be reversed, and judgment rendered for the plaintiff on the demurrer, with leave to the defendant to amend her answer.

Judgment reversed.

